IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FAHD UMAR ABDULMAJID AL SHAREEF,
Detainee, Guantánamo Bay Naval Station
Guantánamo Bay, Cuba;

HANY AL GHAMDI,
Detainee, Guantánamo Bay Naval Station
Guantánamo Bay, Cuba;

HANNAN AL GHAMDI,
As Next Friend of Hany Al Ghamdi

Petitioner/Plaintiff,

v.

GEORGE W. BUSH,
President of the United States
The White House
1600 Pennsylvania Ave., N.W.
Washington, D.C. 20500;

DONALD RUMSFELD,
Secretary, United States
Department of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000;

ARMY BRIGADIER GEN. JAY HOOD,
Commander, Joint Task Force - GTMO
JTF-GTMO
APO AE 09630; and

ARMY COLONEL MIKE BUMGARNER, Commander, Joint Detention Operations Group – JTF-GTMO,
JTF-GTMO
APO AE 09360,

**AFFIDAVIT OF JULIA TARVER**

Respondents/Defendants.

STATE OF NEW YORK    )
                     )  ss.
COUNTY OF NEW YORK   )

       JULIA TARVER, being sworn, says:

    1.     I am a member of the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel of record for Petitioner Fahd Umar Abdulmajid Al Shareef and Petitioner Hany Al Ghamdi in the above-referenced action. I make this Affidavit in support of their Petition for a Writ of Habeas Corpus.

    2.     Attached hereto as Exhibit A is what I believe to be a true and correct copy of the Executive Order of November 13, 2001.

    3.     Attached hereto as Exhibit B is what I believe to be a true and correct copy of Al Shareef's authorization of representation.

                                                          Julia Tarver, Esq.

Sworn to before me this
21 day of December, 2005

_____
Notary Public

SANDRA GOLDBERG
Notary Public, State of New York
No. 01GO6117033
Qualified in New York County
Commission Expires October 12, 2008

# Exhibit A

Westlaw.

66 FR 57833                                                              Page 1
66 FR 57833, 2001 WL 34773797 (Pres.)
(Cite as: 66 FR 57833)

Notice

Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism

November 13, 2001

*57833 By the authority vested in me as President and as Commander in Chief of the Armed Forces of the United States by the Constitution and the laws of the United States of America, including the Authorization for Use of Military Force Joint Resolution (Public Law 107-40, 115 Stat. 224) and sections 821 and 836 of title 10, United States Code, it is hereby ordered as follows:

Section 1. Findings.

  (a) International terrorists, including members of al Qaida, have carried out attacks on United States diplomatic and military personnel and facilities abroad and on citizens and property within the United States on a scale that has created a state of armed conflict that requires the use of the United States Armed Forces.

  (b) In light of grave acts of terrorism and threats of terrorism, including the terrorist attacks on September 11, 2001, on the headquarters of the United States Department of Defense in the national capital region, on the World Trade Center in New York, and on civilian aircraft such as in Pennsylvania, I proclaimed a national emergency on September 14, 2001 (Proc. 7463, Declaration of National Emergency by Reason of Certain Terrorist Attacks).

  (c) Individuals acting alone and in concert involved in international terrorism possess both the capability and the intention to undertake further terrorist attacks against the United States that, if not detected and prevented, will cause mass deaths, mass injuries, and massive destruction of property, and may place at risk the continuity of the operations of the United States Government.

  (d) The ability of the United States to protect the United States and its citizens, and to help its allies and other cooperating nations protect their nations and their citizens, from such further terrorist attacks depends in significant part upon using the United States Armed Forces to identify terrorists and those who support them, to disrupt their activities, and to eliminate their ability to conduct or support such attacks.

  (e) To protect the United States and its citizens, and for the effective conduct of military operations and prevention of terrorist attacks, it is necessary for individuals subject to this order pursuant to section 2 hereof to be detained, and, when tried, to be tried for violations of the laws of war and other applicable laws by military tribunals.

  (f) Given the danger to the safety of the United States and the nature of international terrorism, and to the extent provided by and under this order, I find consistent with section 836 of title 10, United States Code, that it is not practicable to apply in military commissions under this order the principles of law

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 FR 57833                                                                Page 2
66 FR 57833, 2001 WL 34773797 (Pres.)
**(Cite as: 66 FR 57833)**

and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts.

(g) Having fully considered the magnitude of the potential deaths, injuries, and property destruction that would result from potential acts of terrorism against the United States, and the probability that such acts will occur, I have determined that an extraordinary emergency exists for national defense *57834 purposes, that this emergency constitutes an urgent and compelling government interest, and that issuance of this order is necessary to meet the emergency.

 Sec. 2. Definition and Policy.

  (a) The term "individual subject to this order" shall mean any individual who is not a United States citizen with respect to whom I determine from time to time in writing that:

   (1) there is reason to believe that such individual, at the relevant times,

    (i) is or was a member of the organization known as al Qaida;

    (ii) has engaged in, aided or abetted, or conspired to commit, acts of international terrorism, or acts in preparation therefor, that have caused, threaten to cause, or have as their aim to cause, injury to or adverse effects on the United States, its citizens, national security, foreign policy, or economy; or

    (iii) has knowingly harbored one or more individuals described in subparagraphs (i) or (ii) of subsection 2(a)(1) of this order; and

   (2) it is in the interest of the United States that such individual be subject to this order.

  (b) It is the policy of the United States that the Secretary of Defense shall take all necessary measures to ensure that any individual subject to this order is detained in accordance with section 3, and, if the individual is to be tried, that such individual is tried only in accordance with section 4.

  (c) It is further the policy of the United States that any individual subject to this order who is not already under the control of the Secretary of Defense but who is under the control of any other officer or agent of the United States or any State shall, upon delivery of a copy of such written determination to such officer or agent, forthwith be placed under the control of the Secretary of Defense.

 Sec. 3. Detention Authority of the Secretary of Defense.  Any individual subject to this order shall be --

  (a) detained at an appropriate location designated by the Secretary of Defense outside or within the United States;

  (b) treated humanely, without any adverse distinction based on race, color, religion, gender, birth, wealth, or any similar criteria;

  (c) afforded adequate food, drinking water, shelter, clothing, and medical

              © 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

treatment;

   (d) allowed the free exercise of religion consistent with the requirements of such detention; and

   (e) detained in accordance with such other conditions as the Secretary of Defense may prescribe.

 Sec. 4. Authority of the Secretary of Defense Regarding Trials of Individuals Subject to this Order.

   (a) Any individual subject to this order shall, when tried, be tried by military commission for any and all offenses triable by military commission that such individual is alleged to have committed, and may be punished in accordance with the penalties provided under applicable law, including life imprisonment or death.

   (b) As a military function and in light of the findings in section 1, including subsection (f) thereof, the Secretary of Defense shall issue such orders and regulations, including orders for the appointment of one or more military commissions, as may be necessary to carry out subsection (a) of this section.

   (c) Orders and regulations issued under subsection (b) of this section shall include, but not be limited to, rules for the conduct of the proceedings of military commissions, including pretrial, trial, and post-trial procedures, modes of proof, issuance of process, and qualifications of attorneys, which shall at a minimum provide for-- *57835

   (1) military commissions to sit at any time and any place, consistent with such guidance regarding time and place as the Secretary of Defense may provide;

   (2) a full and fair trial, with the military commission sitting as the triers of both fact and law;

   (3) admission of such evidence as would, in the opinion of the presiding officer of the military commission (or instead, if any other member of the commission so requests at the time the presiding officer renders that opinion, the opinion of the commission rendered at that time by a majority of the commission), have probative value to a reasonable person;

   (4) in a manner consistent with the protection of information classified or classifiable under Executive Order 12958 of April 17, 1995, as amended, or any successor Executive Order, protected by statute or rule from unauthorized disclosure, or otherwise protected by law, (A) the handling of, admission into evidence of, and access to materials and information, and (B) the conduct, closure of, and access to proceedings;

   (5) conduct of the prosecution by one or more attorneys designated by the Secretary of Defense and conduct of the defense by attorneys for the individual subject to this order;

   (6) conviction only upon the concurrence of two-thirds of the members of the commission present at the time of the vote, a majority being present;

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(7) sentencing only upon the concurrence of two-thirds of the members of the commission present at the time of the vote, a majority being present; and

(8) submission of the record of the trial, including any conviction or sentence, for review and final decision by me or by the Secretary of Defense if so designated by me for that purpose.

Sec. 5. Obligation of Other Agencies to Assist the Secretary of Defense.

Departments, agencies, entities, and officers of the United States shall, to the maximum extent permitted by law, provide to the Secretary of Defense such assistance as he may request to implement this order.

Sec. 6. Additional Authorities of the Secretary of Defense.

(a) As a military function and in light of the findings in section 1, the Secretary of Defense shall issue such orders and regulations as may be necessary to carry out any of the provisions of this order.

(b) The Secretary of Defense may perform any of his functions or duties, and may exercise any of the powers provided to him under this order (other than under section 4(c)(8) hereof) in accordance with section 113(d) of title 10, United States Code.

Sec. 7. Relationship to Other Law and Forums.

(a) Nothing in this order shall be construed to--

(1) authorize the disclosure of state secrets to any person not otherwise authorized to have access to them;

(2) limit the authority of the President as Commander in Chief of the Armed Forces or the power of the President to grant reprieves and pardons; or

(3) limit the lawful authority of the Secretary of Defense, any military commander, or any other officer or agent of the United States or of any State to detain or try any person who is not an individual subject to this order.

(b) With respect to any individual subject to this order--

(1) military tribunals shall have exclusive jurisdiction with respect to offenses by the individual; and

(2) the individual shall not be privileged to seek any remedy or maintain any proceeding, directly or indirectly, or to have any such remedy or *57836 proceeding sought on the individual's behalf, in (i) any court of the United States, or any State thereof, (ii) any court of any foreign nation, or (iii) any international tribunal.

(c) This order is not intended to and does not create any right, benefit, or privilege, substantive or procedural, enforceable at law or equity by any party,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 FR 57833                                                                Page 5
66 FR 57833, 2001 WL 34773797 (Pres.)
**(Cite as: 66 FR 57833)**

against the United States, its departments, agencies, or other entities, its officers or employees, or any other person.

   (d) For purposes of this order, the term "State" includes any State, district, territory, or possession of the United States.

   (e) I reserve the authority to direct the Secretary of Defense, at any time hereafter, to transfer to a governmental authority control of any individual subject to this order. Nothing in this order shall be construed to limit the authority of any such governmental authority to prosecute any individual for whom control is transferred.

   Sec. 8. Publication.

   This order shall be published in the Federal Register.

      GEORGE W. BUSH

      THE WHITE HOUSE,

      November 13, 2001.

   66 FR 57833, 2001 WL 34773797 (Pres.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit B

September 20, 2005

Dear Julia Tarver, Esq.,

I hope this letter finds you well and in good health.

I am Fahd Umar Abdulmajeed Al Shareef, a detainee at the US Naval Station in Guantanamo Bay, Cuba, ISN 215, from Saudi Arabia.

I have heard a lot about you from some detainees who have appointed you to defend them. I was captivated by what I heard you have done in defense of unjustly detained people, and the petitions you have filed demanding that innocent people be released or charged and given a fair trial. What I have heard moved me to write to you hoping that you would represent me in U.S. courts.

I hope to receive your reply as soon as possible (in Arabic, as I do not know English).

With utmost gratitude and appreciation,

Signed/

GUAN-2005-T 04921

٢٠٠٥/٩/٢٠

عزيزتي / JULIA TARVER ESQ

أتمنى أن تكوني بأتم صحة وعافية ، أنا (فهد عمر عبدالمجيد الشريف)
أحد المحتجزين في القاعدة البحرية الأمريكية في خليج كوبا في غوانتانامو ورقمي هو : 215
من المملكة العربية السعودية.
لقد سمعت عنكم كثيراً من بعض المحتجزين من قاموا بتوكيلكم للدفاع عنهم ، لقد أسرني
ما سمعت حيث تهتم بالدفاع عن المظلومين والمطالبة بالإفراج عن البريء ومحاكمة المتهم محاكمة
عادلة ، فدفعني ذلك إلى مراسلتكم حتى تقوموا بتمثيلي في المحاكم الأمريكية.
أرجو أن يصلني جوابكم في أسرع وقت ممكن (باللغة العربية حيث أني لا أتكلم الإنجليزية)

مع فائق الشكر والتقدير

التوقيع / ف

