## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD UMAR ABDULMAJID AL SHAREEF, *et al.*, <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> Respondents/Defendants. | Civil Action No. 05-2458 (RWR) |

### PETITIONERS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR ENTRY OF THE AMENDED PROTECTIVE ORDERS

Petitioners Fahd Umar Abdulmajid Al Shareef and Hani Saeed Mohammed Banan Al-Kalf Al-Gamdi (collectively, "Petitioners"), respectfully submit this Reply Memorandum in further support of their Motion for Entry of the Amended Protective Orders (collectively, "Protective Order"), first entered by Judge Green in the *In re Guantánamo Detainee Cases* and since entered as a matter of procedure on behalf of hundreds of prisoners held at the United States Naval Station at Guantánamo Bay ("Guantánamo").

By their opposition to the entry of the Protective Order in the instant proceeding, Respondents seek to completely block access to counsel by Petitioners, both of whom have been held in United States custody—virtually incommunicado—for almost five years. Should Respondents prevail, Petitioners will not be able to initiate any confidential and privileged communications with counsel, or have any in-person attorney-client meetings. Counsel will not be able to send privileged communications or legal documents to Petitioners. Furthermore, counsel will not have access to Petitioners' Combatant Status Review Tribunal ("CSRT") records, or any government records related

to Petitioners. In other words, Petitioners will be denied the basic tenets of an attorney-client relationship.

Respondents argue that it would be inappropriate for the Court to decide Petitioners' motion pending resolution of the effects of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("DTA"). Opp. at 1. Respondents further suggest that the Court should not order relief "that might infringe upon the Court of Appeals' exclusive jurisdiction." Opp. at 2. The instant motion, however, presents no such danger. The Protective Order was crafted to provide a general guideline for attorney-client access in light of security concerns related to the representation of individuals held at Guantánamo. As such, Petitioners seek entry of the Protective Order simply to be able to communicate with their attorneys who were duly authorized to provide legal representation on their behalf. This is a modest request that merely permits Petitioners to enjoy the full benefits of the established and protected right to counsel that many other detainees at Guantánamo already enjoy. For these reasons, the Court should expeditiously grant Petitioners' Motion for Entry of the Protective Order.

Respondents inappropriately invoke the DTA in an attempt to block Petitioners access to their attorneys. A consideration of the DTA does not pose an obstacle to the entry of the Protective Order in the instant proceeding. The DTA sets forth procedures under which prisoners at Guantánamo have the opportunity to challenge their enemy combatant status determinations and, as the Guantánamo prisoners have been guaranteed the right to present their claims on appeal even under the narrow provisions of the DTA, they have a concomitant right of access to counsel. *Cf. Al Odah* v. *U.S.*, 346 F. Supp. 2d 1, 5-8 (D.D.C. 2004) (Kollar-Kotelly, J.). There, Judge Kollar-Kotelly found

"that Petitioners cannot be expected to exercise" their "right" to pursue legal proceedings "without the assistance of counsel." *Id.* at 8. Judge Kollar-Kotelly observed that access to counsel was absolutely necessary in order to allow Petitioners any meaningful opportunity to "grapple with the complexities for a foreign legal system":

> To say that Petitioners' ability to investigate the circumstances surrounding their capture and detention is "seriously impaired" is an understatement. The circumstances of their confinement render their ability to investigate nonexistent. Furthermore, it is simply impossible to expect Petitioners to grapple with the complexities of a foreign legal system and present their claims to this Court without legal representation. Petitioners face an obvious language barrier, have no access to a law library, and almost certainly lack a working knowledge of the American legal system. Finally, this Court's ability to give Petitioners' claims the "careful consideration and plenary processing" which is their due would be stymied were Petitioners to proceed unrepresented by counsel.

*Id.* at 8. Accordingly, it held that "Petitioners are entitled to counsel, in order to properly litigate the habeas petitions presently before the Court and *in the interest of justice*." *Id.* *See also Hamdi* v. *Rumsfeld*, 542 U.S. 507, 539 (2004) (noting that alleged enemy combatant "unquestionably has the right to access to counsel in connection with the proceedings on remand") (emphasis added). Petitioners here seek to enforce this same right, independent from the DTA, in the interests of justice, through the appropriate, efficient—and only—available procedure.

As Respondents note, the question of whether the DTA eliminates the Court's jurisdiction or has retroactive effect over cases filed prior to the enactment of the DTA is pending in both the United States Supreme Court and the United States Court of Appeals for the District of Columbia Circuit. *See Hamdan* v. *Rumsfeld*, No. 05-184, 415 F.3d 33 (D.C. Cir.), *cert. granted,* 126 S.Ct. 622 (2005); *Al Odah* v. *U.S.*, Nos. 05-5064, 05-5095 through 05-5116; *Boumediene* v. *Bush*, Nos. 05-5062, 05-5063. Although

Petitioners understand the Court may stay the consideration of substantive motions related to the disposition of allegations against them as related to their imprisonment at Guantánamo, such concerns are not at issue here. A decision as to entry of the Protective Order in the instant case should not be stayed as the pending questions do not implicate Petitioners' right to counsel, and Respondents would suffer no prejudice from the entry of the Protective Order. Petitioners require access to counsel to assist them either to prepare appeals from the CSRT process to the Court of Appeals or to appeal a military commission determination, as set forth by the DTA, and for the reasons expressed by the court in *Al Odah*.

Finally, there is no basis for denying Petitioners the same right of access to counsel shared by similarly situated detainees; denying these Petitioners the right to communicate with their attorneys would be arbitrary and unfair. *First,* the petition in this case was filed on December 23, 2005, a week before the DTA became law. It is counsel's understanding that Respondents have consented to entry of the Protective Order in all other cases filed by undersigned counsel without objection; there is no reason why the enactment of the DTA *subsequent* to the filing of the petition in the instant action would dictate a different response. The arbitrary nature of Respondents' opposition to the entry of the Protective Order is highlighted by the fact that they consented to entry of the Protective Order in *Mamet* v. *Bush*, No. 05-CV-1886 (EGS) (dkt #20), *after* the DTA was enacted. There is no reason why Petitioners should be denied the same relief. *Second,* Respondents simply cannot offer any reason why they would be prejudiced—or even substantially burdened—by the entry of the Protective Order while the DTA is under review. In

contrast, Petitioners, who have been isolated without charge for years, suffer harm each day they are unable to communicate directly with their attorneys.

For these reasons and for any other reason that may become known to the Court, Petitioners respectfully request that the Court grant the aforementioned requested relief.

Dated: New York, New York
      March 3, 2006

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**

By:

_____/s/_____
    Julia Tarver (NY0029)
    Martin Flumenbaum
    Jennifer Ching
    Jana Ramsey

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Counsel for Petitioners*