# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
FAHD UMAR ABDULMAJID          )
AL-SHAREEF et al.,            )
                              )
          Petitioners,        )
                              )
     v.                       )     Civil Action No. 05-2458 (RWR)
                              )
GEORGE W. BUSH et al.,        )
                              )
          Respondents.        )
_____)
```

## MEMORANDUM ORDER

Petitioners Fahd Umar Abdulmajid Al Shareef and Hani Saeed Mohammed Banan Al-Kalf Al-Gamdi are detainees in United States custody at Guantanamo Bay Naval Base who, through counsel, filed a petition for a writ of habeas corpus challenging the legality of their detention.  Petitioners now have filed a motion for a preliminary injunction, seeking an order requiring thirty days' notice to counsel and the court prior to any transfer or removal of the detained petitioners.  Respondents have filed an opposition to the motion, arguing that petitioners have not met the standard for an injunction and seeking, at a minimum, a stay of proceedings in this case pending resolution by the Court of Appeals of this court's jurisdiction over Guantanamo detainee petitions.[1]  Because respondents' request for a stay is reasonable in light of the pending appeals, it will be granted in

---

[1]    See Khalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed sub nom. Boumediene v. Bush et al., Nos. 05-5062, 05-5063 (D.C. Cir. March 3, 2005) and In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeals docketed, Nos. 05-5064 et al. (D.C. Cir. March 7, 2005).

-2-

part.  However, as a condition of the stay, an order will be
entered requiring thirty days' notice of any intended or planned
transfer of the detainees.  That condition moots petitioners'
motion for an injunction, which will be denied.

Respondents dispute this court's jurisdiction to entertain
these petitioners' habeas corpus petition.  Whether this court or
another has jurisdiction to determine the legality of
petitioners' detention, and what the exact nature and scope of
the proceedings before the court with jurisdiction should be, are
legal questions that have not yet been resolved by the D.C.
Circuit and will not be resolved here.[2]  It does make sense,
then, to stay these proceedings pending resolution of these
questions.

A primary purpose of a stay pending resolution of issues on
appeal is to preserve the status quo among the parties.
Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559
F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is
preventative or protective, and seeks to maintain the status quo
pending a final determination of issues on appeal); see Warm

---

[2]  Disputed matters on appeal before the District of
Columbia Circuit in the pending appeals include the effect on
district court jurisdiction over cases such as this one filed
before December 30, 2005 of the Detainee Treatment Act ("DTA")
enacted on December 30, 2005 (which purported to strip district
courts of jurisdiction over Guantanamo detainee cases); the
decision in Hamdan v. Rumsfeld, 126 S. Ct. 2749 (2006) (holding
in part that the DTA did not govern cases filed before its
enactment); and the Military Commission Act of 2006 (which
purports to strip district courts of jurisdiction over all
Guantanamo detainee cases).

-3-

Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974)
(granting stay pending appeal to maintain the status quo between
the parties).  A court may, in appropriate situations, specify
protective conditions in balancing the hardship necessarily
imposed on the party whose suit or execution of judgment has been
stayed pending appeal.  Cooks v. Fowler, 459 F.2d 1269, 1272-73 &
n.27 (D.C. Cir. 1971) (affirming condition of stay requiring
tenant appealing judgment to deposit funds in court registry
pending appeal); see also City of Portland, Or. v. Federal
Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing
the proponent of a stay in a case challenging shippers' exclusion
of one city's port from service to "be prepared to state reasons
why this court should not impose a conditional stay requiring the
rotation of service among the ports involved pending final review
and determination"); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir.
1967) (discussing a stay of execution of judgment conditioned
upon support payments); Center for Int'l Environmental Law v.
Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C.
2003) (conditioning stay pending appeal on party seeking an
expedited appeal).  Where the conditions imposed on the proponent
of the stay are "neither heavy nor unexpected," imposing a
protective condition is well within a court's discretion.  Cooks
v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas Realty Co.,
430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have little doubt
that . . . [a court] may fashion an equitable remedy to avoid

-4-

placing one party at a severe disadvantage during the period of
litigation")).

Respondents do not dispute petitioners' right to notice of
the factual basis for their detention or to be represented by
counsel to challenge the legality of their detention.
Petitioners' right to be represented by counsel before this court
in pursuing their habeas petition is grounded in the federal
habeas statute, 28 U.S.C. § 2241, the Criminal Justice Act, 18
U.S.C. § 3006A, and the All Writs Act, 28 U.S.C. § 1651. See Al
Odah v. United States, 346 F. Supp. 2d 1, 5-9, 14-15 (D.D.C.
2004) (holding that 28 U.S.C. §§ 1651 and 2241, and 18 U.S.C.
§ 3006A "operate together to create this entitlement").
Furthermore, the government is prohibited from abrogating
attorney-client communications. See id. at 9-14. Transfer or
removal without notice to either counsel or petitioners could,
and almost certainly would, interfere with attorney-client
communication and counsel's ability to represent their clients'
legitimate interests before an appropriate court. Despite the
lack of finality regarding the issues on appeal, it is hardly
sensible to withhold or frustrate something that no one doubts is
petitioners' right -- a meaningful communication with counsel
regarding the factual basis of petitioners' detention. An order
designed to avoid interfering with attorney-client communication
"is not the type of interim relief that even remotely risks
infringing on the Court of Appeals' [or some other court's]

-5-

possible jurisdiction." Said v. Bush, Civil Action No. 05-2384
(RWR) (AK), slip. op. at 10 (D.D.C. May 23, 2006) (Kay, M.J.).

Therefore, here

> the court will "guard against depriving the processes
> of justice of their suppleness of adaptation to varying
> conditions." Landis v. North American Co., 299 U.S.
> 248, 256 (1936). Coextensive with a district court's
> inherent power to stay proceedings is the power to
> craft a stay that balances the hardships to the
> parties. Id. at 255 (noting concern regarding a stay
> causing "even a fair possibility . . . [of] damage to
> some one else."); see also Clinton v. Jones, 520 U.S.
> 681, 707 (1997) (noting that "burdens [to the parties]
> are appropriate matters for the District Court to
> evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (RMU), slip op. at 2
(D.D.C. Mar. 31, 2005) (Urbina, J.).

Requests for thirty days' notice have been granted in
numerous other Guantanamo petitioner cases, and no showing has
been made that respondents' compliance with orders for thirty
days' notice has posed undue hardship or insurmountable problems,
even where the transfer itself was classified information.
Therefore, in the interest of preserving and respecting
petitioners' right to counsel and right to communicate with
counsel for the purpose of being represented in their legitimate
interests, respondents will be required as a condition of the
stay to provide thirty days' prior notice of any transfer or
removal of either detained petitioner.

-6-

CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED that respondents' request for a stay be, and hereby is, GRANTED in part. The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances. It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court and the detained petitioners and any counsel representing them with thirty days' advance written notice of any transfer or removal of either detained petitioner from United States custody at Guantanamo Bay. It is further

ORDERED that petitioners' motion for a preliminary injunction be, and hereby is, DENIED.

SIGNED this 8th day of December, 2006.


                              /s/
                    _____
                    RICHARD W. ROBERTS
                    United States District Judge