IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD UMAR ABDULMAJID AL SHAREEF, et al., <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> Respondents/Defendants. | Case No. 05-CV-02458 (RWR) |

**PETITIONERS' MOTION TO COMPEL PRODUCTION OF FACTUAL RETURNS**

Petitioners, Fahd Umar Abdulmajid Al Shareef and Hani Saeed Mohammed Banan Al-Kalf Al-Gamdi (collectively "Petitioners"), through appointed counsel, respectfully request that the Court compel Respondents to provide factual returns to their Petition for Writs of Habeas Corpus.

In support of their motion, Petitioners respectfully aver the following:

1.  On December 23, 2005, Petitioners filed a Petition for Writs of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition").

2.  As set forth in their application for *habeas* relief, Petitioners allege that their imprisonment within the United States Naval Station at Guantánamo Bay, Cuba ("Guantánamo") is unlawful and in violation of their fundamental rights to due process as protected by the United States Constitution, as well as the Alien Tort Claims Act, Third and Fourth Geneva Conventions, United States military and customary international laws.

3.  On February 1, 2006, Petitioners filed a Motion for the Entry of the Protective Orders, seeking to conform the procedures for protected information in Petitioners' proceedings

to those in other Guantánamo cases. (Dkt. 5). On April 12, 2006, this Court granted Petitioners' Motion for the Entry of the Protective Orders. (Dkt. 10).

4. As this Court is undoubtedly aware, numerous similar requests for factual returns by Guantánamo detainees have been granted by this Court and others within this district. *See, e.g.*, *Al-Anazi* v. *Bush*, 370 F. Supp. 2d 188 (D.D.C. 2005); *Said* v. *Bush*, No. 05 Civ. 2384 (RWR) (D.D.C. May 23, 2006) (Dkt. 24); *Al-Ghizzawi* v. *Bush*, No. 05 Civ. 2378 (JDB) (D.D.C. Aug. 9, 2006) (Dkt. 23); *Feghoul* v. *Bush*, No. 06 Civ. 618 (RWR) (D.D.C. Oct. 31, 2006) (Dkt. 24).

5. It is well established that the factual returns Petitioners seek provide information critical to counsels' effective representation of Petitioners. In order for counsel to provide meaningful representation to these Petitioners, to have purposeful and productive meetings with their clients, and to investigate and prepare Petitioners' cases in a timely fashion, Petitioners' counsel must be provided with the purported factual basis for Petitioners' detention.[1] As Judge Bates of this Court has stated, "the factual returns appear necessary for petitioners' counsel effectively to represent petitioners. Indeed, even initial conversations by counsel with their clients may be very difficult without access to that basic factual information." *Al-Anazi* v. *Bush*, 370 F. Supp. 2d at 200.

6. Respondents have argued elsewhere, before the Court of Appeals and in response to requests for factual returns, that the Detainee Treatment Act of 2005 ("DTA") strips the jurisdiction of all federal courts over petitions for habeas corpus relief filed by petitioners

---

[1] Indeed, the factual returns filed by the Government in other *habeas* proceedings have demonstrated, in certain cases, that petitioners were found *not* to be "enemy combatants" by Respondents. *See, e.g.*, Response to Petition for Writ of *Habeas Corpus* by Petitioner Saleh Abdullah Al-Oshan. *Al-Oshan* v. *Bush*, 05 Civ. 520 (D.D.C. May 23, 2005); *Qassim* v. *Bush*,

detained at Guantánamo Bay. However, as this court expressly recognized in *Feghoul* v. *Bush*, No. 06 Civ. 618 (RWR) (D.D.C. Oct. 31, 2006), the Court of Appeals' ultimate decision regarding Respondents' jurisdictional arguments has no bearing on Petitioners' right to basic information concerning their imprisonment.

7. As this Court recently stated in *Feghoul* v. *Bush*, No. 06 Civ. 618 (RWR) (D.D.C. Oct. 31, 2006) (Dkt. 24), "[d]espite the lack of finality regarding the issues on appeal . . . it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right – a meaningful communication with counsel regarding the factual basis of petitioner's detention." *Id.* at 2; *see also Al-Ghizzawi* v. *Bush*, No. 05 Civ. 2378 (JDB) (D.D.C. Aug. 9, 2006) ("In ordering the production of the factual return, the Court takes note of the fact that, even if respondents' interpretation of the DTA's exclusive jurisdiction provision is correct, petitioner would be entitled to a review by the D.C. Circuit of the status determination of the [CSRT] . . ., and completion of any such judicial review would necessitate that petitioner's counsel have access to CSRT records.") (internal quotation marks and citations omitted). As such, Petitioners' counsel is entitled to the factual returns so that they may effectively represent their clients, be it before the District Court or on the appeal of the CSRT before the Court of Appeals.

8. Respondents' position before the Court of Appeals that the Military Commissions Act of 2006, Pub. L. No. 109-366, strips federal district courts of jurisdiction over pending habeas corpus petitions of individuals detained at Guantánamo Bay, *see Boumediene* v. *Bush*, No. 05-5062 (D.C. Cir.), and *Al Odah* v. *United States*, No. 05-5064 (D.C. Cir.), similarly has no bearing on Petitioners' request for factual returns. Regardless of whether Respondents invoke the DTA or the MCA, granting Petitioners' request for factual returns does not implicate the

---

407 F.Supp. 198 (D.D.C. 2005) (finding that the government "knew about the CSRT

jurisdictional questions presently on appeal for the reasons set forth above. Because the requested factual returns are integral to counsels' meaningful representation of Petitioners irrespective of forum, Respondents' arguments regarding the MCA's effect on this Court's jurisdiction are inapposite.

9. Not only are these factual returns essential to Petitioners' counsels' effective representation of their clients, the filing of factual returns poses a *de minimus* burden on Respondents. Respondents have repeatedly made statements that Combatant Status Review Tribunal ("CSRT") proceedings have been conducted for every detainee at Guantánamo. The factual return is simply the record of proceedings before the CSRT, and, as such, already exists. Indeed, Respondents have produced numerous factual returns in short order, and cannot argue that such production here would be unduly time-consuming or costly.

10. Courts in this district have also dismissed arguments concerning the alleged risks of disclosure of confidential information associated with the production of factual returns. As Judge Urbina concluded in *Qayed* v. *Bush*, No. 05 Civ. 454 (D.D.C. Apr. 19, 2005) (Dkt. 5): "As to the government's concerns regarding classified information, the protective orders . . . in this case will guard against any inadvertent disclosures." *Id.* at 2.

11. Under the circumstances, it seems very little to require Respondents to produce, in an expedited fashion, the documentation concerning these proceedings that is in Respondents' possession and purportedly forms the basis for Petitioners' continued detention.

12. In addition to the factual returns prepared for the CSRT, Petitioner requests that the Government provide the records prepared for and resulting from any Administrative Review Board ("ARB") proceeding which has been held concerning Petitioner since the CSRT, as such

---

determination [finding of non enemy combatant status] but advised nobody").

documents constitute Respondents' ongoing justification for Petitioners' detention. Such records have also been reviewed for classification purposes, and pose a similarly de minimus burden to Respondents in preparation and production to the Court. *See* Administrative Review Board Process, Implementation of Review Procedures for Enemy Combatants Detained at U.S. Naval Base Guantánamo Bay, Cuba (Sept. 14, 2004), at 1-6, available at http://www.defenselink.mil/news/Sep2004/d20040914adminreview.pdf.

WHEREFORE, for the reasons set forth above, Petitioners respectfully request that the Court immediately require Respondents to file factual returns.

Dated: New York, New York
December 18, 2006

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:  /s/ Martin Flumenbaum
Martin Flumenbaum (NY9067)
Julia Tarver Mason (NY0029)
Jana Ramsey

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000