IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD UMAR ABDULMAJID AL SHAREEF, et al., <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> Respondents/Defendants. | Case No. 05-2458 (RWR) |

**PETITIONERS' REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION OF FACTUAL RETURNS**

Petitioners respectfully submit this reply memorandum in further support of their motion to compel the government to produce factual returns to their Petition for Writs of Habeas Corpus.

The government's opposition to Petitioners' motion is not supported by law or logic. Neither the jurisdictional questions raised by the enactment of the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA") and the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("DTA"), the stay in place in this case, nor any purported burden on the government amounts to a sufficient basis to deny counsel the factual returns to their clients' habeas petitions. Indeed, this Court and others have acknowledged the paramount importance of the attorney-client relationship and consistently rejected the government's attempts to frustrate the exercise of habeas petitioners' right to counsel.

The government's first argument, that the enactment of the MCA and the DTA prohibits this Court from ordering the production of factual returns, has been flatly rejected by

this Court and others in this district. *See, e.g.*, Memorandum Order, *Feguoul* v. *Bush*, 06 Civ. 618 (RWR) (D.D.C. Oct. 31, 2006) (dkt 24), Memorandum Opinion and Order, *Ghizzawi* v. *Bush*, 05 Civ. 2378 (JDB) (D.D.C. Aug. 9, 2006) (dkt 23), Memorandum Order, *Zadran* v. *Bush*, 05 Civ. 2367 (RWR) (D.D.C. July 19, 2006) (dkt 36). As established by Petitioners' memorandum in support of their motion to compel, "it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right – a meaningful communication with counsel regarding the factual basis of petitioner's detention" even during the pendency of the appeal of the jurisdictional issues raised by the MCA and the DTA. *Feguoul* v. *Bush*, 06 Civ. 618 (RWR) (D.D.C. Oct. 31, 2006) (dkt 24).

Moreover, even if the MCA is held to apply to the instant case, it would not affect Petitioners' right to the effective assistance of counsel. *Al-Ghizzawi* v. *Bush*, 05 Civ. 2378 (JDB) (D.D.C. Aug. 9, 2006) (dkt 23). As discussed in Petitioner's memorandum – and not contested by the government – Petitioners would still require counsel to assist them in challenging their "enemy combatant" designations before the Court of Appeals. Indeed, in a recent submission to Judge Bates, the government admitted that it did not anticipate objecting to the production of the CRST records should the cases be transferred to the Court of Appeals. *See* Resp. Response to the Court's Aug. 3, 2006 Order, *Al-Ghizzawi* v. *Bush*, 05 Civ. 2378 (JDB) (D.D.C. Aug. 7, 2006) (dkt 22). Therefore, because Petitioners would be entitled to the production of their factual returns regardless of future rulings on the jurisdictional questions, the government has no basis to object on this ground.

The government's reliance on the stay in place in this action as a basis for objecting to the production of factual returns is similarly unavailing. A motion for the production of factual returns simply does not implicate the concerns addressed by the stay

2

order because, as the government has previously acknowledged, the production of the factual returns does not affect the merits of the case. *See* Resp. Mot. To Stay Proceedings Pending Related Appeals and for Cont'd Coordination, *Al Mohammed v. Bush*, 05 Civ. 0247 (HHK) (D.D.C. Mar. 10, 2005) (dkt. 7) ("A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the Combatant Status Review Tribunal that confirmed petitioner's status as an enemy combatant properly subject to detention. The factual return is separate from briefing on legal issues in the cases."). On the other hand, the production of factual returns is integral to a meaningful attorney-client relationship. That the courts may address non-substantive issues related to a client's right to counsel is illustrated by the numerous decisions in this district authorizing the production of factual returns, ordering the entry of the protective order, and entering orders for thirty days' notice of removal since the Court of Appeals first consolidated the *In re Guantanamo Detainee Cases* and *Boumediene v. Bush* for appeal. *See, e.g.*, Memorandum Order, *Al Shareef v. Bush*, 05 Civ. 1453 (D.D.C. Dec. 8, 2006) (dkt 28).

      The government's argument that it would be excessively burdensome to produce factual returns merits little response. This argument has been made countless times and has been uniformly rejected. As a consequence, the government has been required to prepare factual returns for dozens of petitioners. The government presents no reason why it would be particularly burdensome to prepare factual returns for either Petitioner here. Moreover, the government has already partially released records from Combatant Status Review Tribunal ("CSRT") and Administrative Review Board ("ARB") hearings as a result

3

of successful FOIA litigation brought by the Associated Press.[1]  *See* Combatant Status Review Tribunal (CSRT) and Administrative Review Board (ARB) Documents Released March 3, April 3, and April 19, 2006, *available at* http://www.dod.mil/pubs/foi/detainees/csrt/index.html.  It would seem logical that having reviewed the CSRT and ARB hearing records in order to determine what could be publicly released once, it would not be so difficult to review the same records again.

The contention that the government should not be required to produce information related to Petitioners' ARB proceedings because the proceedings are not a "proper subject" for this litigation is simply ludicrous.  The determination that a petitioner is either eligible for release or must be detained is hardly irrelevant to the habeas inquiry.  In any event, even assuming that an ARB determination is unrelated to the habeas petition, records of the proceedings are vital for counsel's representation.  Absent this information, counsel will be severely hampered in their ability to assist Petitioners' preparation to participate in the annual ARBs, and will be unable to prepare adequate submissions on Petitioners' behalf to the ARB.

Finally, the government's request for at least 90 days to produce Petitioners' factual returns is completely unwarranted.  As set forth in Petitioners' memorandum in support of their motion to compel, the production of CSRT records requires just photocopying and delivering readily available documents.  Indeed, Respondents have been ordered to

---

[1] It also bears noting that reporters without security clearance have been permitted to observe CSRT and ARB proceedings, while counsel to petitioners cannot review the documents from such proceedings.  *See* Kathleen T. Rhem, Reporters Offered Look Inside Combatant Status Review Tribunals, American Forces Information Service, Aug. 29, 2004.  Recordings of these proceedings have also been broadcast on national and international radio stations.  *See* Jackie Northam, Listening in on Detainee Hearings, National Public Radio All Things Considered, Nov. 21, 2006, *available at* http://www.npr.org/templates/story/story.php?storyId=6520816.

4

produce similar documents within a matter of days. *See, e.g., Said v. Bush*, No. 05 Civ. 2384 (D.D.C. May 23, 2006) (Respondents ordered to produce four separate factual returns by June 2, 2006); *Errachidi v. Bush*, No. 05 Civ. 0640 (D.D.C. Apr. 21, 2005) (Respondents ordered to produce factual returns within seven-day time frame); *Abdullah v. Bush*, No. 05-CV-0023 (D.D.C. Apr. 8, 2005) (Respondents ordered to produce factual returns by April 15, 2006). Therefore, because government has presented no reason why the production of factual returns for these particular Petitioners would be unduly burdensome or warrant such a lengthy period of time, Petitioners request that Respondents be ordered to produce Petitioners' factual returns within fifteen days.

      Accordingly, Petitioners respectfully request that their motion for an order to compel the production of factual returns be granted.

Dated: New York, New York
       January 3, 2007

                              Respectfully submitted,

                              **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

                              By:   /s/ Martin Flumenbaum
                                  Martin Flumenbaum (D.C. Bar. No. 393210)
                                  Julia Mason (NY-0029)
                                  Jana Ramsey

                              1285 Avenue of the Americas
                              New York, New York 10019-6064
                              (212) 373-3000

                              *Counsel for Petitioners*